PEARSON, Judge.
The defendants, Louis Rothschild and Travelers Indemnity Company, have appealed a final judgment entered for the plaintiffs, Luis De Gaspari, Irma De Gas-pari, Rossana De Gaspari, Maria De Gas-pari, and Alex De Gaspari. The final judgment was entered pursuant to a jury verdict for the plaintiffs in an action for injuries resulting from an automobile collision. Luis and Irma De Gaspari sued for their own damages and Luis sued as guardian for Rossana, Maria and Alex, who are minors.
The controlling question on this appeal is whether or not the trial court committed reversible error when he sustained appellees’ objection to the use for impeachment purposes of an incomplete deposition of the appellee Luis De Gaspari who was being examined during trial. We hold *342 upon an interpretation of the Rules of Civil Proceedure, 30 F.S.A., that prejudicial error was committed and we reverse.
In July of 1972, the plaintiffs filed their complaint. Thereafter, the defendants noticed four of the plaintiffs for the taking of their depositions. The deposition of Luis De Gaspari was set for September 22, 1972 at 9:45 a. m. On the date appointed, the plaintiffs and their attorney arrived at the office of the attorney for the defendants at the time for the taking of the first deposition, that of Luis De Gaspari. It is urged that because of the fault of the attorney taking the deposition that the taking of the depositions did not begin until 11:15 a. m. It is also urged that the attorney taking the deposition of Luis De Gaspari was hostile and conducted himself in, a manner so as to harass and aggravate the plaintiffs. The deposition was not concluded at 12:15 p. m. Plaintiffs’ attorney terminated the taking of the deposition and removed himself and his clients from defendants’ office. Subsequently, on September 29, 1972, the reporter certified the partial deposition and filed it in the cause where it. remained until the trial.
During the trial, counsel for the appellants sought to use the partial deposition of Luis De Gaspari in order to impeach him. The trial court denied the use of the deposition on the basis that it had not been verified as required by Rule 1.310(e), RCP.
In the briefs of the parties, a great deal is made of the alleged fault and blame of one attorney or the other for unjust or unreasonable conduct. We think that it should be clear that this cause is not to be decided upon that basis. The Rules of Civil Procedure attempt to set out an orderly formula for discovery under the supervision of the trial court. Under present-day practice, discovery is at the very heart of the trial process and the proper use or abuse of discovery is a question which must be timely presented to the trial court. Accusations concerning abuse of discovery are not a proper basis for a decision as to the rights of parties in this court. The question here is simply whether or not under the Rules of Civil Procedure the appellant-defendants were entitled to use the deposition for impeachment. In order to determine this question, we must examine the rules to see what the provisions of the rules are as to the use of a deposition.
We think one must begin with the provision of Rule 1.330(a)(2) which is as follows :
“Rule 1.330. Use of Depositions in Court Proceedings
* * >}c >{c Jji
“(2) The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent or a person designated under Rule 1.310(b)(6) or 1.320(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency that is a party may be used by an adverse party for any purpose.”
It is noted that this rule refers to the “deposition of a party”. Essentially, the court found that the partial and unsigned deposition in which signature had not been waived was not a “deposition of a party” within the meaning of the rule. In this we think he was in error because of the provision contained in the rules as to filing, the provision as to termination or limitation of examination, and the provision as to errors and irregularities. First, it appears from an examination of Rule 1.310(f)(1) that it is the duty of the officer taking the deposition to certify the deposition and to see that it is filed.[1] Second, another portion *343 of the same rule [1.310(d)] provides the orderly method that an opponent or party may follow in order to secure the aid of the court in cases where an examination is conducted in bad faith or in such manner as to annoy, embarrass or oppress the opponent or party. While it may have been entirely proper for appellees’ attorney and the parties to terminate an unreasonable examination by leaving the place where the deposition was being taken, it was still their duty to proceed under Rule 1.310(d) if they needed the protection of the court against the incomplete deposition.
Lastly, Rule 1.330(d)(4),[2] places upon a party relying upon irregularities as to the completion and return of a deposition the duty to preserve his objection by a motion to suppress the deposition or some part of it.
We therefore hold that if the appellees considered the incomplete deposition as improper or ineffective, it was their duty to proceed under Rule 1.330(d)(4), by moving to suppress the partial deposition upon receiving notice of the filing of the deposition.
We do not mean to hold by this decision that in every case where a deposition is improperly taken or improperly filed that it becomes a valid deposition unless a motion to suppress it is promptly made. What we do hold is that in the case of an incomplete deposition which is certified by the officer as the sworn testimony of a party, the incomplete deposition may be used for the impeachment of that party’s testimony when it is filed in the court and no motion is made to suppress the deposition.
The appellant has presented two other points which are as follows:
“Whether the trial court erred in not allowing the defendants to ■ complete the deposition of the plaintiff after he abruptly and prematurely walked out of the deposition.”
“Whether the trial court erred in not allowing the defendants to take the deposition of Dr. James K. Blair, who prevented the attorney for the defendants from taking his deposition by alleging that he had neither seen nor treated the plaintiff. More specifically the court erred in entering its order [s] dated January 5, 10 and IS, 1973, prohibiting the taking of the deposition of Dr. James K. Blair.”
We need not discuss these points because they do not affect the decision here. However, for the purpose of expediting the disposition of this case in the trial court, we make the following determination: Neither of these points presents reversible error under the facts of this case.
The judgment appealed is reversed and the cause remanded for a new trial.

. “(f) Certification and Piling by Officer; Exhibits; Copies; Notice of Filing.
“(1) If transcribed, the officer shall certify on the deposition that the witness was duly sworn by him and that the deposition is a true record of the testimony given by the witness. He shall then securely seal the deposition in an envelope *343 endorsed with the title of the action and marked ‘Deposition of (here insert name of witness)’'and shall promptly file it with the court in which the action is pending or send it by registered or certified mail to the clerk for filing. Documents and things produced for inspection during the examination of the witness shall be marked for identification and annexed to and returned with the deposition upon the request of a party, and may be inspected and copied by any party, except that the person producing the materials may substitute copies to be marked for identification if he affords to all parties fair opportunity to verify the copies by comparison with the originals, and if the person producing the materials requests their return, the officer shall mark them, and return them to the person producing them and the materials may then be used in the same manner as if annexed to and returned with the deposition.”

. “(4) As to completion and return of deposition. Errors and irregularities in the manner in which the testimony is transcribed or the depositon is prepared, signed, certified, sealed, endorsed, transmitted, filed or otherwise dealt with by the officer under Rules 1.310 and 1.320 are waived unless a motion to suppress the deposition or some part of it is made with reasonable promptness after the defect is, or with due diligence might have been, ascertained.”